946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Owen Franklin SILVIOUS, Defendant-Appellant.
 No. 91-7587.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1991.
Decided Oct. 21, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James H. Michael, Jr., District Judge. (CR-86-80-R, CA-90-633-R)
 Owen Franklin Silvious, appellant pro se.
 Thomas L. Eckert, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED IN PART AND REMANDED IN PART.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Owen Silvious appeals from the district court's order denying relief on his motion made pursuant to 28 U.S.C. § 2255. Silvious pled guilty to and was convicted of defrauding several people in violation of 18 U.S.C. § 1343 (1982) and of committing bank fraud in violation of 18 U.S.C. § 1344 (Supp. II 1984). The district court accepted the magistrate judge's recommendation that this second section 2255 motion be dismissed as successive. We find that a jurisdictional claim raised by Silvious may not be dismissed as successive and remand for further factual findings on that issue. We affirm the district court's order on all other issues.
 
 
 2
 Silvious included two types of claims in this section 2255 motion. He contended that the district court erred by failing to explain that he could be required to pay restitution and by failing to make sufficient factual findings regarding his restitution order. Silvious also claimed that the bank fraud conviction should be set aside because the district court lacked jurisdiction over the offense. He asserted that the victim bank was not a federally chartered or insured financial institution as required by statute. The claims regarding the restitution order are successive and were properly rejected by the district court on that basis. However, we cannot find that the jurisdictional issue has been addressed on its merits.
 
 
 3
 Silvious claimed in his first section 2255 motion that the bank he defrauded, Dominion Financial Services, Incorporated, was not either federally insured or federally chartered. The government responded to that claim by arguing that it was immaterial because Dominion Bankshares Corporation, which the government said was Dominion Financial's parent company, was registered with the Federal Reserve. The district court denied relief on the claim finding that Silvious could not collaterally attack his conviction in this manner because his valid guilty plea established the jurisdictional element of the offense. Silvious appealed and this Court affirmed the district court's order but remanded the case for further action on other claims. This Court did not specifically address Silvious's claim regarding the status of the banks.
 
 
 4
 In his second section 2255 motion, Silvious submitted letters to the district court from the FDIC stating that Dominion Bankshares was not insured by the FDIC and from the Comptroller of the Currency, Administrator of National Banks, stating that that office did not grant Bankshares a charter certificate. These letters were not presented in Silvious's first motion. On appeal, Silvious has bolstered his showing by submitting letters from the FDIC and the Administrator of National Banks stating that Dominion Financial was not insured by the FDIC and that no record of it being issued a federal charter can be found. Thus, the jurisdiction of the district court over the section 1344 offense is in doubt.
 
 
 5
 The district court accepted the magistrate judge's conclusion that the jurisdictional issue was decided on its merits in the first motion. Whether Dominion Financial or Dominion Bankshares was federally chartered or insured is a dispositive fact which is not "conclusively" proved or disproved by the record and it has never been tested at an evidentiary hearing. Thus, the question has not been decided on its merits. See Sanders v. United States, 373 U.S. 1, 16 (1963). The claim must, therefore, be remanded to the district court for further proceedings.
 
 
 6
 On remand the district court should conduct further fact-finding in a manner it deems appropriate to determine whether or not Dominion Bankshares Corporation and Dominion Financial Services, Incorporated, were "federally chartered or insured financial institution[s]" as required by 18 U.S.C. § 1344. The district court may make any necessary evidentiary rulings and the case, as supplemented, then will be returned to this Court for further consideration. The district court's denial of relief on the restitution claims is affirmed.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 We deny Silvious's motion for discovery